[No. 2003.]

FRASER & CHALMERS v. THE MINES LEASING COMPANY
ET AL.

1. CORPORATIONS—ANNUAL REPORTS—LIABILITY OF DIRECTORS.
   Where a foreign corporation filed with the secretary of state on February 20, 1896, its certificate appointing an agent and the other credentials required by statute to authorize such corporation to do business in this state, and on February 13, 1897, filed its annual financial report as required by section 491, Mills' Ann. Stats., the corporation was not in default in the filing of such annual report, so as to make its directors personally liable for its debts. No such report was required to be filed within sixty days after the first day of January, 1896.

*Appeal from the District Court of Arapahoe County.*

Messrs. JOHNSON & SMITH, for appellants.

Mr. CHARLES H. TOLL and Mr. D. V. BURNS, for appellee, Frank L. Underwood.

GUNTER, J.

February 20, 1896, The Mines Leasing Company, a corporation organized in 1895, under the laws of West Virginia, filed in the office of the secretary of state of Colorado its certificate designating an agent and the other credentials required by Mills' Ann. Stats. secs. 499–500. Between April 3, and July 17, 1896, it purchased of appellant, on credit, merchandise. February 13, 1897, it filed in the office of the proper recorder its annual financial report. During the entire year 1896, appellee Underwood was an officer and director of the company. February 9, 1897, this action was begun to recover of Underwood personally the amount due for such merchandise. Appellant contends that this company by filing its certificate designating an agent as above stated sub-

jected itself to all liabilities and duties imposed upon corporations of like character organized under the laws of this state, that, being so subject, it was its duty to file its financial report within sixty days from the 1st day of January, 1896, failing, director Underwood was personally responsible for above indebtedness.   Mills' Ann. Stats. sec. 491.

It is not necessary to rule upon the contention that by filing the papers prescribed by secs. 499–500, *supra*, the company brought itself within sec. 491, *supra*, and such question is not here ruled.

For the purpose of this decision we can accept this contention as correct and yet the company not be in default in its annual report.   "Every such corporation shall annually within sixty days from the first day of January make a report, which shall state the amount of its capital," etc. Sec. 491, *supra*.   This report must be made annually ; it must be made within sixty days from the first day of January. It is not contended that this company in any manner appeared in Colorado prior to its above filings of February 20, 1896.   Its annual financial report was filed in the proper office, February 13, 1897 ; it was thus filed within one year from February 20, 1896, when this foreign corporation assumed obligations under the Colorado statute, and within sixty days from the first day of January of such year, viz, February 20, 1896, to February 20, 1897.   The statute having been thus satisfied, no personal liability attaches to Underwood.   Judgment was for him below.   Judgment affirmed.

*Affirmed.*

WILSON, P. J., not sitting.